UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMPLOYERS INSURANCE
COMPANY OF WAUSAU,

    Plaintiff,

v.                                                      Case No. 8:21-cv-1373-TPB-SPF

MICHAEL WAYNE FITE, as Personal
Representative of the Estate of
Michael David Brown,

    Defendant.
_____/

## ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

This matter is before the Court on "Plaintiff Wausau's Amended Motion for Summary Judgment" (Doc. 31),[1] filed on April 25, 2022, and Defendant "Michael Wayne Fite, as Personal Representative of the Estate of Michael David Brown's Motion for Summary Judgment" (Doc. 28), filed on April 15, 2022. Each side filed responses in opposition (Docs. 34; 35) and replies (Doc. 38; 39). Upon review of the motions, responses, replies, court file, and the record, the Court finds as follows:

### Background

Plaintiff Wausau issued a business automobile insurance policy to named insured and non-party Alford Construction, Inc. On September 24, 2020, Michael David Brown – an employee of Alford – was deployed to install a small sign on the wall of the Martin Luther King, Jr. Blvd. bridge of Interstate 4. He was in the process of

---

[1] The Court notes that Plaintiff originally filed a motion for summary judgment on April 15, 2022, and then an amended motion for summary judgment on April 25, 2022. The amendment only modified formatting and was otherwise substantively identical to the original motion.

performing his work, but had not completed it, at the time of the accident.[2] Mr. Brown was struck and killed by an uninsured motor ("UM") vehicle.

Defendant Michael Wayne Fite, as personal representative of the Estate of Michael David Brown, made a claim under the policy's UM coverage for payment of the policy's $1,000,000 limit. Plaintiff filed this action for declaratory judgment, seeking a declaration that the policy does not provide coverage for the Estate's claim. Specifically, Wausau seeks a declaration that Mr. Brown is not an "insured" under the policy because he was not "occupying" a covered automobile at the time of the incident giving rise to the Estate's claim. Both parties now seek summary judgment, and the sole issue before the Court is whether Mr. Brown was "occupying" the truck at the time he was killed.

## Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A properly supported motion for summary judgment is not defeated by the existence of a factual dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Only the existence of a genuine issue of material fact will preclude summary judgment. *Id.*

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). When the moving party has discharged its burden, the nonmoving

---

[2] All of the tools and equipment had been removed from the truck, and the sign itself had not yet been affixed the bridge wall.

party must then designate specific facts showing the existence of genuine issues of material fact. *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995). If there is a conflict between the parties' allegations or evidence, the nonmoving party's evidence is presumed to be true and all reasonable inferences must be drawn in the nonmoving party's favor. *Shotz v. City of Plantation*, 344 F.3d 1161, 1164 (11th Cir. 2003).

The standard for cross-motions for summary judgment is not different from the standard applied when only one party moves for summary judgment. *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1331 (11th Cir. 2005). The Court must consider each motion separately, resolving all reasonable inferences against the party whose motion is under consideration. *Id*. "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).

## Analysis

Under the terms of the policy issued by Plaintiff to Alford, Plaintiff agreed to pay

> all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance, or use of an "uninsured motor vehicle".

(Doc. 1-1 at p. 39). Because the named insured is a corporation, anyone "occupying" a covered "auto" is considered an insured under the policy. (*Id.* at p. 36). The policy defines "occupying" as "in, upon, getting in, on, out or off." (*Id.* at p. 39). The outcome of this case hinges on whether Mr. Brown was "occupying" his truck at the time of the accident. If he was occupying the vehicle, he is an "insured" for the purpose of UM coverage under the policy. If he was not occupying the vehicle, he is not covered under the policy.

"[A]lthough mere physical contact with the vehicle is alone sufficient to satisfy the 'occupancy' requirement, the mere absence of actual physical contact with the vehicle is not conclusive." *Dunlap v. U.S. Auto. Ass'n*, 470 So. 2d 98, 100 (Fla. 1st DCA 1985) (internal citations omitted.). What matters is "the time and place at which the insured shows an intention, evidenced by an overt act based on that intention, to undertake a new direction or activity." *Fidelity & Casualty Co. of New York v. Garcia*, 368 So. 2d 1313, 1315 (Fla. 3d DCA 1979). A passenger who has gotten out of his or her vehicle and begun walking in the direction of another location is no longer "alighting from" the vehicle for the purpose of coverage. *State Farm Mutual Automobile Insurance Co. v. Yanes*, 447 So. 2d 945, 946 (Fla. 3d DCA 1984); *Garcia*, 368 So. 2d at 1315.

When determining whether Mr. Brown was occupying the vehicle at the time of the accident, the Court considers the deposition testimony of several eyewitnesses. The eyewitnesses uniformly testify that Mr. Brown was very close to the truck at the moment of impact, indicating that he was close enough to touch the vehicle. Mr. Moore testified that Mr. Brown was walking toward his truck, although he had not yet

made it to the door to open it. Mr. Halliday testified that Mr. Brown was reaching for the door handle at the time of impact. *However, some of the witnesses – including Mr. Nemeth and Mr. Wingo – testified that Mr. Brown was actually walking away from his truck at the time of the accident.* Based on this conflicting testimony, there is a genuine issue of fact that precludes summary judgment. The cross motions for summary judgment are denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) "Plaintiff Wausau's Amended Motion for Summary Judgment" (Doc. 31) is **DENIED**.

(2) Defendant "Michael Wayne Fite, as Personal Representative of the Estate of Michael David Brown's Motion for Summary Judgment" (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 25th day of July, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**